UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANNE B. HOWARD,

    Plaintiff,

        v.                                  Case No.3:12-cv-649-J-12JBT

OMNI JACKSONVILLE CORPORATION,
OMNI HOTELS MANAGEMENT
CORPORATION, JOE MORANO and
LESLIE TUNE,

    Defendants.

___

## ORDER

This cause is before the Court on 1) Plaintiff's Motion for Remand (Doc.5); 2) Defendants' Joe Morano and Leslie Tune's Motion to Dismiss (Doc.9)("Defendants' Motion to Dismiss"); and 3) the parties' responses to the respective motions (Docs. 8 and 11). For the reasons set forth below, the Court will grant Plaintiff's Motion for Remand and deny without prejudice Defendants' Motion to Dismiss.

### Background

Plaintiff commenced this negligence action in state court to recover from injuries she sustained on April 4, 2009, on the hotel property owned and/or operated by corporate Defendants Omni Jacksonville Corporation and Omni Hotels Management Corporation. In Counts III and IV of her Complaint (Doc. 2), addressed to individual Defendants Joe Morano and Leslie Tune, respectively, Plaintiff alleges that while at the hotel, agents/employees of one or both of the corporate Defendants, agreed to store two umbrellas for her while she explored the property, and advised her that if they were not

present when she returned, she could retrieve the umbrellas from the room where they were stored. Doc. 2 at ¶¶ 40, 44, 55 and 58. Plaintiff claims that when she returned to retrieve the umbrellas, the neither employee/agent was present, and that when she opened the door to the room where they were stored, it suddenly and violently swung shut, propelling her across the room while also knocking her to the floor, causing her to sustain injuries. Id. at ¶¶ 45 and 59. Plaintiff also maintains that agents/employees of the corporate Defendants did not provide or assist in providing her with medical care, and that as a result of all of these alleged facts, the individual Defendants breached various duties of care they owed to her, and their negligence caused her to sustain injuries. Doc. 2 at ¶¶ 46-53 and 60-67.

Defendant removed this case pursuant to 28 U.S.C. § 1332, which confers jurisdiction on this Court when the citizenship of the parties is diverse and the amount in controversy exceeds $75,000. In this case, there is no dispute that the individual Defendants Joe Morano and Leslie Tune are residents of the State of Florida and that their joinder defeats the Court's diversity jurisdiction. See 28 U.S.C. § 1441(b)(2) (A civil action otherwise removable solely on the on the basis of diversity jurisdiction under § 1332(a) is not removable if any party in interest properly joined and served as a defendant is a citizen of the state in which the action is brought.)

Despite the fact that the joinder of these two Florida resident Defendants ordinarily would preclude the exercise of the Court's diversity jurisdiction, Defendants' Notice of Removal (Doc. 1) asserts that this Court has diversity jurisdiction because the individual Defendants were fraudulently joined because Plaintiff cannot maintain an action against them. The issue the Court must address in both Plaintiff's Motion for Remand and

Defendants' Motion to Dismiss is whether the individual Defendants were fraudulently joined.

## Analysis

Fraudulent joinder issues typically arise in the situation where a plaintiff is alleged to have joined or is attempting to join a non-diverse defendant in order to defeat federal diversity jurisdiction, thereby requiring the case to be remanded to state court. In this case, the non-diverse individual Defendants already were named as parties at the time of the filing of Plaintiff's Complaint in state court.

"In a removal case alleging fraudulent joinder, the removing party has the [heavy] burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir 1997)(citations omitted). See, also, Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc., 436 Fed.Appx. 888, No. 10-15892, 2011 WL 2150183 at 890 (11th Cir. May 31, 2011). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." Crowe, 113 F.3d at 1538 (citation omitted).

Whether this case was properly removed to federal court is determined on the basis of Plaintiff's Complaint at the time of removal, and any uncertainties regarding removal must be resolved in favor of remand. See, e.g., Burns v. Windsor, 31 F.3d 1092, 1095 (11th Cir. 1994). The Court must evaluate factual allegations in the light most favorable to

Plaintiff and resolve any uncertainties about state substantive law in her favor. See, e.g., Crowe, 113 F.3d at 1538.

The parties acknowledge that applicable Florida law allows a cause of action for negligence to be maintained against agents of corporations who "may be individually liable if they commit or participate in a tort, even if their acts are within the course and scope of their employment." White v. Wal-Mart Stores, Inc., 918 So.2d 357, 358 (Fla. 1st D.C.A. 2005 (citations omitted). So under Florida law, a corporate agent may be held liable for negligence if the agent owes a duty of care to the complaining party, even if that duty arises during the course and scope of the agent's employment, and the agent affirmatively breaches or contributes to the breach of that duty.

The record contains no affidavits, deposition excerpts, or other evidence for consideration with regard to the fraudulent joinder issue, so the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. On the record before it, the Court cannot find that there is no possibility that Plaintiff can establish a cause of action for negligence against the individual Defendants. Read in the light most favorable to Plaintiff, Plaintiff's Complaint alleges personal conduct by each individual Defendant that she claims breached various duties of care they owed to her, that is, direct participation in or contribution to the negligence causing her to sustain injury. As set forth above, Florida law supports liability if such allegations are proven.

In addition, Defendants have not maintained, nor is there evidence in the record to support, a finding of fraudulent pleading of jurisdictional facts. As a result, the individual Defendants have not met their heavy burden of establishing fraudulent joinder, that is that

4

there is no possibility that Plaintiff can maintain a cause of action against the individual Defendants, and so the Court will grant Plaintiff's Motion for Remand.

The Court also finds that the individual Defendants' Motion to Dismiss is due to be denied without prejudice. Rather than filing a motion in state court seeking dismissal of the allegedly fraudulently joined individual Defendants under applicable Florida law, Defendants removed the case, and after Plaintiff's Motion for Remand was filed, opposed remand and sought dismissal of the individual Defendants in this Court.

Even if the Court were to find that the Complaint should be dismissed, such dismissal would be with leave to amend because no evidence exists in the record to support the conclusion that there is no possibility that Plaintiff could state a cause of action for negligence under Florida law against the individual Defendants. Because the Court must determine its jurisdiction based upon the Complaint as filed at the time of removal, the Court is of the opinion that it would be inappropriate for the Court to rule on a motion to dismiss in this case, and the better practice a case such as this would be for the individual Defendants to seek dismissal of the allegedly fraudulently joined individual Defendants in state court prior to seeking removal.

Upon review of the matter, it is

**ORDERED AND ADJUDGED:**

1. Defendants' Joe Morano and Leslie Tune's Motion to Dismiss (Doc.9) is denied without prejudice; and

2. That Plaintiff's Motion for Remand (Doc. 9) is granted, and this case is hereby remanded to the Circuit Court, Fourth Judicial Circuit, in and for Duval County Florida.

**DONE AND ORDERED** this _19th_ day of September 2012.

_____
United States District Judge

Copies to Counsel of Record:

Matthew Nichols Posgay, Esq. Counsel for Plaintiff
David Maxwell Milton, Esq. Counsel for Plaintiff
Christopher David Ritchie, Esq. Counsel for all Defendants